UNITED STATES DISTRICT C0URT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **DMJM + Harris, Inc.** | * |
| **605 Third Avenue** | * |
| **New York, New York 10158** | * |
| | * |
| **Plaintiff** | * |
| | * |
| v. | * |
| | * |
| **Government Intelligence and** | * |
| **Proposal Resources, Inc.** | * |
| **47097 Glenaire Court** | * |
| **Sterling, Virginia 20165** | * |
| | * |
| **Serve Corporate Officer:** | * |
| **Christopher Stahl, President** | * |
| **47097 Glenaire Court** | * |
| **Sterling, Virginia 20165** | * |
| | * |
| **and** | * |
| | * |
| **The Guam Telephone Authority** | * |
| **TeleGuam** | * |
| **624 N. Marine Corps Drive** | * |
| **Tamuning, Guam 96911** | * |
| | * |
| **Serve:** | * |
| **Marcel G. Camacho** | * |
| **Office of the Governor of Guam** | * |
| **Suite 1B, Orlean Pacific Plaza** | * |
| **851 S. Marine Corps Drive** | * |
| **Tamuning, Guam 96913** | * |
| | * |
| **-or-** | * |
| | * |
| **Vincent Arriola, General Manage** | * |
| **624 N. Marine Corps Drive** | * |
| **Tamuning, Guam 96911** | * |
| | * |
| **and** | |

1

| | |
|---|---|
| **TeleGuam Holdings, LLC** * | |
| **624 N. Marine Corps Drive** * | |
| **Tamuning, Guam 96911** * | |
| * | |
|     **Serve:** * | |
|     **Daniel Moffat** * | |
|     **President and CEO** * | |
|     **624 N. Marine Corps Drive** * | |
|     **Tamuning, Guam 96911** * | |
| * | |
| **and** * | |
| * | |
| **The Interim Transition Coordinating** * | |
| **Committee, authorized agent of** * | |
| **The Guam Telephone Authority** * | |
| **Suite 1B, Orlean Pacific Plaza** * | |
| **851 S. Marine Corps Drive** * | |
| **Tamuning, Guam 96913** * | |
| * | |
|     **Serve:** * | |
|     **Marcel G. Camacho** * | |
|     **Office of the Governor of Guam** * | |
|     **Suite 1B, Orlean Pacific Plaza** * | |
|     **851 S. Marine Corps Drive** * | |
|     **Tamuning, Guam 96913** * | |
| * | |
| * | |
|     **Defendants** * | **Civil Action No.: 1:08-cv-00094 RJL** |
| * | |

********************************************************************************

## AMENDED COMPLAINT

NOW COMES, DMJM + Harris, Inc., Plaintiff, by and through its attorneys, Sidney S. Friedman, Rosemary E. Allulis, and Weinstock, Friedman & Friedman, P.A., and herein sues the Defendants, Government Intelligence and Proposal Resources, Inc., The Guam Telephone Authority, TeleGuam Holdings, LLC, and the Interim Transition Coordinating Committee, and for good cause states as follows:

## JURISDICTION

1. Jurisdiction is founded on Diversity of Citizenship and Amount in Controversy pursuant to 28 U.S.C. § 1332.

2. Plaintiff is a New York corporation with its principal place of business located in New York, New York.

3. Plaintiff was formerly Frederic R. Harris, Inc., owned by AECOM, Inc., which was located in Los Angeles, California.

4. Frederic R. Harris, Inc., merged with its sister corporation, DMJM, also owned by AECOM, and subsequently became DMJM + Harris, Inc. (hereinafter "DMJM").

5. Defendant Government Intelligence and Proposal Resources, Inc. is a corporation with its principal place of business located in Sterling, Virginia.

6. Defendant The Guam Telephone Authority/Guam TeleGuam is a telephone services company located in the territory of Guam.

7. TeleGuam Holdings, LLC is the successor to The Guam Telephone Authority and purchased its assets in 2005.

8. The Interim Transition Coordinating Committee was set up subsequent to the privatization of the Guam Telephone Authority, and upon information and belief it is an unincorporated entity, and is GTA's authorized agent for all purposes, including the resolution of Plaintiff's claims through payment.

9. This matter arises out of contracts for the provision of professional services by Plaintiff, to Defendant Government Intelligence and Proposal Resources, Inc. (hereinafter "GIPR") on behalf of The Guam Telephone Authority (hereinafter "GTA").

10. The two contracts at issue contain arbitration clauses, however, they also contain provisions whereby Plaintiff may file suit.

11. Pursuant to the terms of the contract between Plaintiff and GIPR, jurisdiction and choice of laws is founded in the District of Columbia, however, pursuant to the contract between GIPR and GTA, to which Plaintiff was a subcontractor and third-party beneficiary under the express terms of the contract, disputes under the contract are to be construed under the laws of the territory of Guam.

12. Arbitration is pending, however, Plaintiff desires to preserve its right to pursue this matter through court litigation.

13. The matter in controversy exceeds $75,000.00, exclusive of interest and costs, as is required by 28 U.S.C. § 1332.

## COUNT I

### Breach of Contract

14. Plaintiff realleges and fully incorporates by reference, Paragraphs one through eleven as are set forth above.

15. Pursuant to a services agreement between DMJM and GIPR, DMJM performed various services as a subcontractor of GIPR, for the benefit of GTA. A copy of the Contract between DMJM and GIPR is attached as Exhibit 1 and is prayed to be made a part hereof.

16. GIPR had a contract with GTA to provide assistance in its efforts to privatize the Guam Telephone Authority. Pursuant to the contract between GIPR and GTA, DMJM was a recognized subcontractor, with the right to pursue payment for services rendered. A copy of the Contract between GIPR and GTA is attached as Exhibit 2 and is prayed to be made a part

hereof.

17. In accordance with the contracts and the corresponding scope of work, DMJM performed environmental due diligence for properties owned by GTA, and fully performed under the terms of the Contract.

18. DMJM incurred both professional fees for services rendered, as well as actual costs and expenses associated with its work.

19. All work was completed at the request of GIPR and for the benefit of GTA, and was performed in accordance with the contracts between the parties. DMJM was to be paid following the completion of the GTA privatization.

20. Although privatization was finalized, DMJM was not thereafter paid by either GIPR or GTA, in material breach of the contracts between the parties.

21. DMJM has recently learned that TeleGuam Holdings, LLC purchased the assets of GTA at some time during 2005, and as such, is liable to DMJM for payment.

22. Additionally, DMJM was informed that subsequent to GTA's privatization, a committee was set up to handle disputes and claims relating to the privatization process, including failure to pay for services rendered.

23. This committee, The Interim Transition Coordinating Committee, as authorized agent of GTA, is liable to DMJM for payment.

24. As a result of the breach of contracts by GIPR and GTA, Plaintiff DMJM has suffered damages.

25. There remains a balance due and owing of $79,596.82, plus interest and attorneys fees, for a total claim of $126,751.43.

26. Despite demand, GIPR, GTA, TeleGuam Holdings, LLC, and The Interim Transition Coordinating Committee, refuse to pay and have continued to pay in further breach of contract.

WHEREFORE, DMJM + Harris, Inc., Plaintiff, demands judgment in its favor and against the Defendants, Government Intelligence and Proposal Resources, Inc., The Guam Telephone Authority, TeleGuam Holdings, LLC, and The Interim Transition Coordinating Committee, in the amount of One Hundred Twenty-Six Seven Hundred Fifty-One Dollars and Forty-Three Cents.

Respectfully submitted,

___/S/_____
Sidney S. Friedman
D.C. Federal Bar No.: 464753

Rosemary E. Allulis
Federal Bar No.: 26625

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com