**Oral Argument on this Motion
Is Hereby Requested**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| DMJM + HARRIS, INC., | Civil Action No.: 1:08-cv-00094 RJL |
| Plaintiff, | |
| vs. | |
| GOVERNMENT INTELLIGENCE and PROPOSAL RESOURCES, INC., GUAM TELEPHONE AUTHORITY, TELEGUAM HOLDING, LLC, as successor to the Guam Telephone Authority, and INTERIM TRANSITION COORDINATING COMMITTEE, as agent of the Guam Telephone Authority, | **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, FAILURE TO STATE A CLAIM, AND FORUM NON CONVENIENS WITH MEMORANDUM OF POINTS AND AUTHORITIES INCORPORATED HEREIN** |
| Defendants. | |

Presently before this Honorable Court come Defendants Guam Telephone Authority[1] and the Interim Transition Coordinating Committee and move to dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, improper venue, and forum non conveniens.

**I. BACKGROUND**

Plaintiff DMJM & Harris, Inc. ("DMJM") filed an Amended Complaint on or about January 31, 2008. DMJM seeks a total award of $126,751.43 against defendants Government

---

[1] As admitted by the plaintiff in the Amended Complaint, GTA was privatized in 2005. (Am. Compl. ¶¶ 8, 20-22.) To the extent that GTA remains a viable entity subject to suit, GTA brings this motion to the Court without waiving any rights to move for dismissal on the basis that it is an improper party as it has been finally privatized.

Intelligence & Proposal Resources, Inc. ("GIPR"), TeleGuam Holdings, LLC ("TeleGuam"), Guam Telephone Authority ("GTA"), and the Interim Transition Coordinating Committee ("the ITCC") (collectively "Defendants"). The nature of the dispute is DMJM's alleged non-receipt of monies ($79,596.82 plus interest and attorney fees) allegedly owed pursuant to a contract between GIPR and GTA, to which DMJM was not a party, and a contract between DMJM and GIPR, wherein DMJM agreed to perform work in Guam as a subcontractor of GIPR.

**II. ARGUMENT**

GTA and the ITCC move to dismiss this action for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) failure to state a claim, (4) improper venue, and (5) forum non conveniens.

### A. The claim against GTA and the ITCC must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

"Federal courts are courts of limited jurisdiction and the law presumes that 'a cause lies outside this limited jurisdiction.'" Hoffman v. Fairfax County Redevelopment & Hous. Auth., 276 F. Supp. 2d 14, 17 (D.D.C. 2003) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The plaintiff bears the burden of proving that the court has subject matter jurisdiction. Id. Dismissal of a complaint for lack of subject matter jurisdiction is appropriate only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Empagran S.A. v. F. Hoffman-LaRoche, Ltd., 315 F. 3d 338, 343 (D.C. Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering a 12(b)(1) motion, courts must assume that the plaintiff's allegations are true and construe them in a light favorable to the plaintiff. Id. However, since subject matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a court resolving a Rule 12(b)(1) motion must give the complaint's factual allegations closer scrutiny than required for a 12(b)(6) motion to dismiss for failure a claim. Hoffman, 276 F. Supp. 2d at 17.

GTA and the ITCC move for dismissal pursuant to Rule 12(b)(1) on the grounds that subject matter jurisdiction over the claim against GTA and the ITCC is lacking here since (1) GTA and the ITCC enjoy sovereign immunity from DMJM's claim, (2) DMJM failed to exhaust administrative remedies under the Government Claims Act, and (3) even assuming there is subject matter jurisdiction, DMJM is not entitled to an award of attorney fees and interest.

**1. Sovereign immunity bars DMJM's claim against GTA and the ITCC.**

The Government of Guam has inherent sovereign immunity. Marx v. Gov't of Guam, 866 F. 2d 294, 298 (9th Cir. 1989); see also Sumitomo Constr. Co. v. Gov't of Guam, 2001 Guam 23, ¶ 8 ("The government of Guam enjoys broad sovereign immunity."). In order for anyone to sue the Government of Guam or any government agency, sovereign immunity must be waived. Wood v. Guam Power Auth., No. CVA99-018, 2000 WL 760572, at *2 (Guam Terr. June 2, 2000). Unless a sovereign specifically waives suit by duly enacted law, it may not be sued. Id. (citing, e.g., McMillan v. Dep't of Interior, 907 F. Supp. 322, 325 (D. Nev. 1995) ("The party suing the United States must point to an unequivocal waiver of sovereign immunity.")). Under the Organic Act[2], the Government of Guam can waive sovereign immunity only by duly enacted legislation. Sumitomo, 2001 Guam 23, ¶ 9. In the absence of a waiver, the courts lack subject matter jurisdiction over the claim. Wood, 2000 WL 760572, at *2.

Accordingly, the Government of Guam and its agencies and instrumentalities are subject to suit only to the extent such immunity has been expressly waived by the Government. Munoz v.

---

[2] Section 1421a of the Organic Act provides in pertinent part:

> The government of Guam shall have the powers set forth in this Act, shall have power to sue by such name, and, with the consent of the legislature evidenced by enacted law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers.

(Footnote continues on following page.)

Gov't of Guam, 625 F. 2d 257, 258 (9th Cir. 1980) (holding that Guam has not waived its immunity with respect to intentional torts committed by its employees). "[T]he right to sue an agency of a sovereign 'is limited to the extent of the pertinent waiver of sovereign immunity.' " Pac. Drilling, Inc. v. Marianas Drilling, Inc., DCA Civ. No. 85-0016A, 1985 WL 56585, at *4 n.1 (D. Guam App. Div. Sept. 27, 1985) (quoting Swinger v. Schweiker, 694 F. 2d 616, 617 (9th Cir. 1982)). In fact, the Supreme Court of Guam has held that, "[b]ecause the Organic Act gives the ability to waive immunity solely to the Legislature, courts lack the authority to find an implied waiver of immunity even in the face of strong public policy favoring such a finding." Sumitomo, 2001 Guam 23, ¶ 26 (declining to find waiver of sovereign immunity from post-judgment interest claims).

Pursuant to the authority granted by the Organic Act of Guam (48 U.S.C. § 1421a), a federal statute, the Guam legislature has waived sovereign immunity in very limited circumstances, as set forth in the Government Claims Act. See 5 G.C.A. §§ 6101-6404. Section 6105 of the Government Claims Act provides:

> Pursuant to Section 3 of the Organic Act of Guam [48 U.S.C. § 1421a], the Government of Guam hereby waives immunity from suit, but only as hereinafter provided:
>
> (a) for all expenses incurred in reliance upon a contract to which the Government of Guam is a party, but if the contract has been substantially completed, expectation damages may be awarded;
>
> (b) for claims in tort arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage ….

---

(Footnote continued from previous page)

48 U.S.C. § 1421a.

Here, GTA and the ITCC, as government entities[3], never waived sovereign immunity to allow suit by DMJM, and DMJM, as is its burden, has failed to point to a specific, unequivocal waiver by GTA and ITCC. While DMJM may argue that its claim falls under the exception contained in section 6105(a), it is undisputed from DMJM's Amended Complaint and attached contracts that DMJM lacks privity of contract with GTA and the ITCC. Therefore, DMJM's claim against GTA and the ITCC must be dismissed for lack of subject matter jurisdiction.

### 2. Even if DMJM's claim falls within one of the limited exceptions to sovereign immunity, dismissal of the claim against GTA and the ITCC is still required since DMJM failed to exhaust administrative remedies under the Government Claims Act.

The Government Claims Act applies to all government agencies of Guam, whether denominated as a line department, an agency, or a public corporation. 5 G.C.A. § 6102. In order for someone to sue a government agency, he must first follow the procedures of the Government Claims Act. Perez v. Guam Hous. & Urban Renewal Auth., 2000 Guam 33, ¶ 14. All claims under the Government Claims Act must be filed within 18 months from the date the claim arose. 5 G.C.A. § 6106(a). The Government Claims Act requires that "[a]ll claims shall be filed in duplicate with the Claims Officer responsible for the department or agency against which the claim is made." 5 G.C.A. § 6201. Only if the claim is rejected or if the department or agency fails to act on a claim within the requisite time period[4], can the claimant file suit. 5 G.C.A. § 6208. The failure to file a claim prior to filing suit warrants dismissal on a jurisdictional ground.

---

[3] 5 G.C.A. § 6102 expressly provides that GTA is an agency to which the Government Claims Act applies. Guam Public Laws 26-70 and 27-109 clearly state that the ITCC is a Government of Guam entity.

[4] The time period is thirty (30) calendar days where the claim is less than $15,000 and is for damages to a motor vehicle sustained in an accident; six (6) months for any other claim. 5 G.C.A. § 6208.

Perez, 2000 Guam 33, ¶ 14 (citing Ciesiolka v. San Nicolas, Civ. No. CV-90-00076A, 1991 WL 336902, at *3 (D. Guam App. Div. June 11, 1991)).

Here, DMJM failed to file a claim against either GTA or the ITCC under the Government Claims Act prior to commencing this action. In fact, nowhere in DMJM's Amended Complaint is there an assertion that DMJM exhausted remedies by presenting a claim under the Government Claims Act. Instead, what the Amended Complaint shows is that DMJM was to be paid its fees within 10 days upon closing of the sale of GTA or upon termination of the privatization process by GTA and that GTA was finally privatized in 2005. (Am. Compl. ¶¶ 7, 19, 20-22, Ex. 1 ¶2.) Rather than file a Government Claims Act claim within 18 months of GTA's privatization in 2005, the Amended Complaint shows that up to the date of its filing with this Court in 2008, three years later, no such claim was ever made by DMJM. Therefore, DMJM's claim against GTA and the ITCC must be dismissed for lack of subject matter jurisdiction.

### 3. In the unlikely event that DMJM's claim against GTA and ITCC may proceed, DMJM's claim against GTA and the ITCC for attorney fees and interest must still be dismissed.

The Government Claims Act bars recovery of attorney fees and interest prior to the date of judgment. Specifically, 5 G.C.A. § 6301(a) provides:

> In all cases, neither line agencies nor autonomous agencies nor the government of Guam shall be liable for interest prior to the date of judgment, nor for any punitive damages, nor for attorney's fees of the claimant; provided, that attorney's fees may be awarded a successful claimant as part of a final court judgment if the court finds that suit was filed only because the government of Guam failed to act upon the claim before the expiration of the time specified in § 6208(b) of this Chapter and such failure resulted from failure to investigate the claim.

In this case, DMJM requests an award of attorney fees and interest totaling approximately $47,154.61. However, such an award is clearly prohibited by the Government Claims Act. Therefore, DMJM's claim against GTA and the ITCC for attorney fees and interest must be dismissed.

6

**B. DMJM's claim against GTA and the ITCC must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).**

In a diversity case, the court's personal jurisdiction over nonresident defendants depends on the relevant local long-arm statute, the application of which is subject to the constraints of constitutional due process. Gorman v. Ameritrade Holding Corp., 293 F. 3d 506, 509 (D.C. Cir. 2002). Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

On a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of demonstrating a factual basis for the court's exercise of personal jurisdiction over the defendant. Crane v. N.Y. Zoological Soc'y, 894 F. 2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific facts which connect the defendant with the forum. Second Amendment Found. v. U.S. Conference of Mayors, 274 F. 3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are not enough. Id.

Here, the applicable local long-arm statue is that of the District of Columbia, which permits courts to exercise either general or specific jurisdiction over a nonresident "person." D.C. CODE ANN. §§ 13-423(a), 13-421. However, "[t]he District of Columbia long-arm statute does not authorize personal jurisdiction over state governments because states are not 'persons' within the meaning of the statute." Moore v. Motz, 437 F. Supp. 2d 88, 94 (D.D.C. 2006) (citing United States v. Ferrara, 54 F. 3d 825, 831-32 (D.C. Cir. 1995) (stating "because a State could not under any circumstances be domiciled in the District or organized under its laws, the statute's text affirmatively implies that a State is not a 'person' for its purpose")). Therefore, the ITCC and GTA, which are (or were, as to GTA) Government of Guam bodies, do not qualify as "persons" and so are not subject to the Court's jurisdiction.

Even if the ITCC and GTA qualify as "persons" under the District long-arm statute, personal jurisdiction is still lacking. Under the District of Columbia's long-arm statute, a local court has "specific jurisdiction" over a person for claims that arise from the person's:

(1) transacting any business in the District of Columbia;
(2) contracting to supply services in the District of Columbia;
(3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
(4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
(5) having an interest in, using, or possessing real property in the District of Columbia;
(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
(7) marital or parent and child relationship in the District of Columbia ….

D.C. CODE ANN. § 13-423(a). Here, there is no specific jurisdiction over GTA and the ITCC since DMJM's breach of contract claim does not arise out of any business transacted between any of the parties in the District of Columbia, any parties' contracting to provide services in the District, GTA's or the ITCC's causing tortuous injury in the District by act or omission in the District, GTA's or the ITCC's causing tortuous injury at all in the District, GTA's or the ITCC's having an interest in or using or possessing any real property in the District, GTA's or the ITCC's contracting to insure or act as surety for or on anything located or executed or to be performed within the District, or any marital or parent-child relationship of any of the parties in the District. In fact, the Amended Complaint fails to allege that any of the parties has a connection to the District of Columbia or even that anything ever occurred or was supposed to occur in the District of Columbia. Therefore, there is no specific jurisdiction over either GTA or the ITCC in this action.

Besides specific jurisdiction, a District of Columbia court may exercise "general jurisdiction" over a nonresident if the nonresident is "doing business" in the District. D.C. CODE ANN. § 13-334(a); Gorman, 293 F. 3d at 509. The reach of "doing business" under section 13-334(a) is coextensive with the reach of constitutional due process. Gorman, 293 F. 3d at 510. Jurisdiction may be found if the defendant has been carrying on a continuous and systematic, but limited, part of its general business in the District. Id. (citing Hughes v. A.H. Robins Co., 490 A.2d 1140, 1148 (D.C. 1985)). Here, the Amended Complaint fails to make any allegations which would allow this Court to have personal jurisdiction over GTA or the ITCC. The Amended Complaint does not allege that either GTA or the ITCC conducts or has conducted any business in the District of Columbia. Neither GTA nor the ITCC is alleged to have systematic and continuous contacts with the District. The Amended Complaint fails to make any allegations at all connecting either GTA or the ITCC to the District of Columbia. In fact, the only accurate[5] connection DMJM alleges between its claim and the District is merely that the contract between DMJM and GIPR (to which neither GTA nor the ITCC is a party) is to be governed by the laws of the District. (Am. Compl. ¶ 11, Ex. 1 ¶ 11.8.) It must also be noted that the contract to which GTA was a party, and which DMJM claims to be a third-beneficiary of, explicitly provided not only that the laws of Guam would govern but also that court claims were to be brought in the Superior Court of Guam. (Id. ¶ 11, Ex. 2 ¶¶ 14.2, 17.8.) Therefore, no general personal jurisdiction by a District court over GTA or the ITCC exists and dismissal pursuant to Rule 12(b)(2) is necessary.

---

[5] The Amended Complaint alleges that "[p]ursuant to the terms of the contract between Plaintiff and GIPR, jurisdiction … is founded in the District of Columbia …." (Am. Compl. ¶ 11.) However, this is incorrect since the contract only provides that an arbitration hearing is to be held in the District and that certain claims "may be brought in a state or federal court in the United States with jurisdiction over the subject matter and parties." (Id. Ex. 1 ¶ 9.1.)

### C. Dismissal of DMJM's claim is appropriate under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted." Although a complaint need not include detailed factual allegations to withstand a 12(b)(6) motion, "a plaintiff must furnish in the complaint 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' " Williams v. Conner, 522 F. Supp. 2d 92, 97 (D.D.C. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). "The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level,' or must be sufficient 'to state a claim for relief that is plausible on its face.' " Id. (quoting Twombly, 127 S. Ct. at 1965, 1974)). In deciding a 12(b)(6) motion, the court is required to accept as true all of the factual allegations contained in the complaint. Id. While courts must construe the complaint liberally in the plaintiff's favor, the Court is not required to accept inferences drawn by the plaintiff if those inferences are not supported by the facts alleged in the complaint. Id. at 97-98. Courts also need not accept a plaintiff's legal and factual conclusions. Bowhead Info. Tech. Servs., LLC. v. Catapult Tech., Ltd., 377 F. Supp. 2d 166, 171 (D.D.C. 2005).

For a plaintiff to sue under a contract to which it is not a party, it must show that it is an intended, and not merely an incidental, third party beneficiary, as evidenced by the intent or words of the contract. Bowhead, 377 F. Supp. 2d at 171. Although "[a] plaintiff need not be named in a contract to be a third party beneficiary," "parties to a contract must 'directly and unequivocally intend to benefit a third-party in order for that third-party to be considered an intended beneficiary.' " Id. (quoting Barnstead Broad. Corp. v. Offshore, 886 F. Supp. 874, 879 (D.D.C. 1995)). Mere knowledge or awareness by the parties that a third party may benefit from a contract is insufficient on its own to demonstrate an intent to confer a benefit on the third party. Id. "[T]hird party beneficiaries of a Government contract are generally assumed to be merely

*incidental* beneficiaries, and may not enforce the contract absent clear intent to the contrary." Beckett v. Air Line Pilots Ass'n, 995 F. 2d 280, 288 (D.C. Cir. 1993) (italics in original).

In this case, DMJM has failed to state a claim against GTA and the ITCC. Although DMJM alleges in the Amended Complaint that it was a third party beneficiary to the contract between GIPR and GTA, (Am. Compl. ¶ 11), and that contract also states that "GTA acknowledges that GIPR's subcontractor, if any, is a third party beneficiaries [sic] of this Agreement to the extent of its rights to fees for services to GTA through GIPR," (id. Ex. 2 ¶ 14.1), the contract also shows that GTA had to give written approval before GIPR could engage the services of a subcontractor, (id. Ex. 2 ¶ VIII). Thus, DMJM could only be an intended third party beneficiary to the contract between GTA and GIPR if GTA first give its written approval for GIPR to enter a subcontract with DMJM. However, as the Amended Complaint contains no allegation that GTA ever did give prior written approval for DMJM to act as a subcontractor, DMJM has failed to show a clear intent by GTA, a government agency, and GIPR that DMJM be an intended third party beneficiary to the contract. Consequently, DMJM has failed to state a claim and lacks standing to enforce the contract between GTA and GIPR.

Even if the Amended Complaint shows a clear intent by GTA and GIPR that DMJM is a third party beneficiary, DMJM still fails to state a claim. DMJM argues that there was a "breach of contracts by GIPR and GTA," (Am. Compl. ¶ 24), and that "[a]lthough privatization was finalized, DMJM was not thereafter paid by either GIPR or GTA, in material breach of the contracts between the parties," (id. ¶ 20). Under the contract between GIPR and GTA, all payments by GTA were to be made directly to GIPR. (Id. Ex. 2 ¶¶ 4.1-4.5.) As to GIPR's subcontractors, the contract made clear that "[p]ayment for subcontractor's services shall be the responsibility of GIPR. Fees for such subcontractor's efforts will be billed through GIPR (and detailed in the monthly statements) …." (Id. Ex. 2 ¶ VIII.) Therefore, for GTA (and the ITCC as

11

alleged authorized agent of GTA[6]) to breach the contract for nonpayment of fees, GIPR must have provided GTA with detailed monthly statements which GTA failed to pay. However, the Amended Complaint contains no allegation that GTA failed to make a payment to GIPR which GIPR was entitled to. Also, while the contract between GTA and GIPR provided that GIPR's "subcontractor shall have the right to enforce GIPR's rights hereunder to the extent such rights relate to services provided by such subcontractor and GIPR fails to act to so enforce those rights after written demand from the subcontractor," (id. Ex. 2 ¶ 14.1), the Amended Complaint fails to allege that GIPR's right to payment under the contract was not honored by GTA and fails to allege that DMJM demanded in writing that GIPR enforce its right to payment from GTA. As a result, DMJM has failed to state a claim, warranting dismissal of the DMJM's claim against GTA and the ITCC.

**D. Improper venue in this district warrants dismissal.**

Under Federal Rule of Civil Procedure 12(b)(3), a court must dismiss or transfer a case if venue is improper or inconvenient in the Plaintiff's chosen forum. If federal jurisdiction is premised solely on diversity of citizenship, 28 U.S.C. § 1391(a) controls venue, stating that venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[6] See paragraphs 8 and 23 of the Amended Complaint.

12

If the requirements of § 1391(a) are not met by the district, then that district court may either dismiss, "or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In this case, DMJM's claims can only be brought in a district court which qualifies as any of the three judicial districts listed in § 1391(a) since federal jurisdiction is founded only on diversity jurisdiction. (Am. Compl. ¶ 1.) However, this district court does not qualify as any one of the three judicial districts listed in § 1391(a) and therefore is an improper venue for DMJM's claims. First, not all Defendants reside in the District of Columbia, as for example GIPR is a Virginia corporation, (Am. Compl. ¶ 5), and GTA was "located in the territory of Guam," (id. ¶ 6), and therefore, even if one defendant resided in this district, it would not qualify as a proper venue under section 1391(a)(1). Second, none of the events or omissions giving rise to DMJM's claim occurred, or no property that is the subject of this action is situated, in this district, as the Amended Complaint contains absolutely no allegations that anything occurred or is situated in this district and thus this district is not a proper venue under section 1391(a)(2). Third, this case may have been brought in the district court in Guam, which is the judicial district where most of the events or omissions giving rise to DMJM's claims occurred, and so this district does not qualify as a proper venue under section 1391(a)(3). Accordingly, this district is an improper venue for DMJM's claims. Rather than transferring venue to Guam, dismissal of DMJM's claim is appropriate in light of the lack of subject matter jurisdiction and lack of personal jurisdiction over GTA and the ITCC, and, as explained below, DMJM's failure to state a claim against GTA and the ITCC. However, in the event that dismissal is not granted pursuant to either Rule 12(b)(1), (2), (3), or (6), GTA and the ITCC submit that any court action should be in Guam, which is where most of the parties are located and where most of the alleged events or omissions occurred. As a matter of fact, the contract between GTA and GIPR expressly provides that any

"claims for GTA's failure to pay GIPR in accordance with this Agreement may be brought in the Superior Court of Guam." (Am. Compl. Ex. 2 ¶ 14.2.)

### E. This action should be dismissed for forum non conveniens as none of the parties reside in the District, most witnesses are located in Guam, and it would be a hardship for GTA and the ITCC to litigate in the District.

Federal courts have the discretion to dismiss an action on the basis of forum non conveniens " 'when an alternative forum has jurisdiction to hear the case, and … trial in the chosen forum would establish … oppressiveness and vexation to a defendant … out of all proportion to plaintiff's convenience, or … the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems.' " Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1190 (2007) (quoting Am. Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994)). In determining whether to dismiss for forum non convenience, the court assesses a " 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.' " Id. (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 723 (1996)). Forum non conveniens is essentially " 'a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.' " Id. (quoting Am. Dredging, 510 U.S. at 453). As to federal courts, Congress has codified the doctrine of forum non conveniens and has provided for transfer or dismissal when a sister federal court is the more convenient place to try the case. Id. at 1190-91; 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

14

The defendant usually bears a heavy burden in opposing the plaintiff's chosen forum based on forum non conveniens. Sinochem, 127 S. Ct. at 1191. But when the plaintiff's chosen forum is not its home forum, "the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is then 'less reasonable.'" Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)).

As forum non conveniens is a nonmerits ground for dismissal, a federal court may dispose of an action by a forum non conveniens dismissal without first resolving challenges to subject matter and personal jurisdicition when considerations of convenience, fairness, and judicial economy so warrant. Sinochem, 127 S. Ct. at 1192.

In this case, dismissal, or at least transfer, of the case is warranted on forum non conveniens grounds. The presumption that this forum is appropriate is weakened by the fact that DMJM's home state is New York and not the District of Columbia. (Am. Compl. ¶ 2.) As stated earlier, none of the actions alleged by DMJM occurred in the District. No property that is the subject of this dispute is located in the District. None of the parties reside in the District and none are subject to personal jurisdiction here. For GTA and the ITCC to litigate here, they would be required to fly out to the District any relevant tangible evidence and witnesses from Guam, who may not even be compelled to attend and testify at a trial in the District. Assuming these witnesses could be compelled to testify here, GTA and the ITCC would have to pay for costly travel arrangements including roundtrip airfare from Guam to the District, which means travelling practically halfway around the world, hotel stays, and other transportation to and from the Court. Rather than force GTA and the ITCC to face such costly inconvenience and burden, this action should be dismissed for forum non conveniens. Since most if not all of the acts or omissions giving rise to this action occurred in Guam, the proper forum for DMJM's claim is in Guam. Litigating this action in Guam is also proper in light of the fact that Guam law governs the

contract between GTA and GIPR.  (Am. Compl. Ex. ¶ 17.8.)   Therefore, the Court should exercise its discretion to dismiss this action for forum non conveniens. Stromberg v. Marriott Intern., Inc., 474 F.Supp.2d 57 (D.D.C. 2007).

**III. CONCLUSION**

Based on the foregoing reasons, the Guam Telephone Authority and Interim Transition Coordinating Committee respectfully request dismissal of DMJM & Harris, Inc.'s claim against them due to lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, improper venue, and forum non conveniens.

**RESPECTFULLY SUBMITTED** this 10th day of April, 2008.

ATTORNEY OF RECORD FOR GUAM TELEPHONE AUTHORITY & INTERIM TRANSITION COORDINATING COMMITTEE:

/s/ Donald C. Holmes

_____
Donald C. Holmes
Donald C. Holmes & Associates, P.A.
110 Mill Street - P.O. Box 279
Greensboro, MD 21639
410-482-9505 (voice)
443-782-0362 (fax)
dcholmes@comcast.net
D.C. Federal District Court Bar #: 4137414
D.C. Bar # 137414

COUNSEL FOR GUAM TELEPHONE AUTHORITY & INTERIM TRANSITION COORDINATING COMMITTEE:

Delia S. Lujan
Lujan Aguigui & Perez, **LLP**
300 DNA Building
238 Archbishop Flores Street
Hagatna 96910
Guam

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| DMJM + HARRIS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT INTELLIGENCE and PROPOSAL RESOURCES, INC., GUAM TELEPHONE AUTHORITY, TELEGUAM HOLDING, LLC, as successor to the Guam Telephone Authority, and INTERIM TRANSITION COORDINATING COMMITTEE, as agent of the Guam Telephone Authority, <br><br> Defendants. | Civil Action No.: 1:08-cv-00094 RJL <br><br><br> **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, FAILURE TO STATE A CLAIM, AND FORUM NON CONVENIENS WITH MEMORANDUM OF POINTS AND AUTHORITIES INCORPORATED HEREIN** |

**ORDER**

Upon consideration of Defendants' Interim Transition Coordinating Committee's and Guam Telephone Authority's "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Improper Venue, Failure to State a Claim and Forum Non Conveniens With Memorandum of Points and Authorities Incorporated Herein", dated April 10, 2008, the Court hereby grants the Motion to Dismiss.

_____
United States District Court Judge

Dated: _____

Attorneys to be Notified Upon Entry of Order

Donald C. Holmes
Attorney for Defendants Interim Transition Coordinating Committee
and Guam Telephone Authority
Donald C. Holmes & Associates, P.A.
110 Mill Street - P.O. Box 279
Greensboro, MD 21639
410-482-9505 (voice)
443-782-0362 (fax)
dcholmes@comcast.net

David C. Tobin
Attorney for Defendant TeleGuam Holdings, LLC
5335 Wisconsin Avenue, N.W.
Suite 700
Washington, D.C. 20015
202-362-5900 (voice)
202-362-6579 (fax)
dctobin@tobinoconnor.com

Sidney S. Friedman
Rosemary Allulis
Attorneys for Plaintiff DMJM + Harris, Inc.
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, MD 21208
410-559-9000 (voice)
410-559-9009 (fax)
ssf@weinstocklegal.com