UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMJM + HARRIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| GOVERNMENT INTELLIGENCE | ) Civil Case No. 08-0094 (RJL) |
| AND PROPOSAL RESOURCES, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION
(August 27, 2008) [#4, 6]

Plaintiff, DMJM + Harris, Inc., brought this action against defendants, Government Intelligence and Proposal Resources, Inc., TeleGuam Holdings, LLC ("TeleGuam Holdings"), Guam Telephone Authority/TeleGuam ("Guam Telephone"), and Interim Transition Coordinating Committee ("Interim Transition"), for breach of contract. Presently before the Court is Defendant TeleGuam Holdings' Motion to Dismiss [Dkt. # 4] for lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim, and Defendants Guam Telephone's and Interim Transition's Motion to Dismiss [Dkt. # 6] for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, failure to state a claim, and forum non conveniens. For the following reasons, the Court GRANTS TeleGuam Holdings' Motion to Dismiss and Guam Telephone's and Interim Transition's Motion to Dismiss.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to a motion and if such party fails to do so, the court may treat the motion as conceded. LCvR 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's . . . motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat a motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; and our Circuit Court has noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiff failed to file any opposition to TeleGuam Holdings' Motion to Dismiss and Guam Telephone's and Interim Transition's Motion to Dismiss, even when the Court issued an Order requiring the plaintiff to do so or face the consequences of the motions being treated as conceded, (*see* Dkt. # 8), the Court will treat these motions as conceded. LCvR 7(b). Therefore, in light of the plaintiff's concession and based on a review of the pleadings, the relevant law cited therein, and the record, the Court finds in favor of Defendants TeleGuam Holdings, Guam Telephone, and Interim Transition and GRANTS TeleGuam Holdings' Motion to Dismiss [#4] and

Guam Telephone's and Interim Transition's Motion to Dismiss [#6]. An appropriate Order will issue with this Memorandum Opinion.

_/s/ Richard J. Leon_  
RICHARD J. LEON  
United States District Judge
